# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
HASSIE DEMOND NOWLIN,        )
                             )
            Plaintiff,       )
                             )
      v.                     )         1:13CV1109
                             )
FAIR COLLECTIONS,            )
                             )
            Defendant.       )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1). For the reasons that follow, pauper status will be granted solely for the purpose of recommending dismissal pursuant to 28 U.S.C. § 1951(e)(2)(B) and under Federal Rule of Civil Procedure 41(b).

### LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under

the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the relevant statute provides, in pertinent part, that "the [C]ourt shall dismiss the case at any time if [it] determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short under this standard when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, the applicable standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se*
(continued...)

DISCUSSION

This case began December 16, 2013, when Plaintiff (or someone using his name) filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint contains a "PRELIMINARY STATEMENT," describing the case as "an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq* and for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*[.]" (Docket Entry 2 at 1; see also id. at 3-5 (setting forth two causes of action under FCRA and one under FDCPA).) It also purports to assert state-law claims. (See id. at 5-7.) The only material, non-conclusory factual allegation in the Complaint regarding Defendant appears as follows: "Plaintiff found after examination of his Equifax, Trans Union and Experian consumer credit reports

---

<sup>1</sup>(...continued)
complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

that Defendant had obtained Plaintiffs [sic] Equifax, Trans Union and Experian consumer credit reports in ____ 201_." (Id. at 2 (blank spaces in original).) The Complaint also asserts that "Plaintiff sent dispute letter and asked for validation of alleged debt by USPS mail[;] to date no proof or validation has been provided" (id.), but fails to identify to whom Plaintiff sent said dispute letter or what it disputed.

The undersigned Magistrate Judge also determined that Plaintiff's IFP Application and Complaint bear a number of unusual similarities both of form and substance to a number of other pauper applications and complaints filed pro se in this Court, including that most (like Plaintiff's Complaint): 1) state under the heading "JURISDICTION AND VENUE" that "jurisdiction of this Court is conferred by 15 U.S.C. §1681p" and that "[v]enue is proper in this Circuit pursuant to 28 U.S.C. §1391b"; and 2) set forth virtually identical sections (including as to content, format, style, and even typographical/scrivener errors) entitled "COUNT I," "COUNT II," "COUNT III," "RECKLESS AND WANTON CONDUCT," "ALL DEFENDANTS INVASION OF PRIVACY," "ALL DEFENDANTS DEFAMATION," and "ALL DEFENDANTS INTENTIONAL MISREPRESENTATION." (Compare Docket Entry 2, with Ferguson v. North Carolina Dep't of Health & Human Servs., No. 1:12CV493, Docket Entry 2; Golden v. Firstpoint Collection Serv., No. 1:12CV875, Docket Entry 2; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 2; Golden v. Absolute

Collection Servs., No. 1:12CV956, Docket Entry 2; Durham v. Absolute Collection Servs., No. 1:12CV957, Docket Entry 2; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 2; Ferguson v. Absolute Collection Serv., No. 1:12CV1023, Docket Entry 2; Golden v. NCO Fin. Sys., No. 1:12CV1097, Docket Entry 2; James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 2; and Wiggins v. Credit Mgmt., No. 1:11CV1093, Docket Entry 2.)

Given the foregoing circumstances, and in an attempt to determine, inter alia, if Plaintiff could provide factual matter sufficient to support an inference that Defendant qualified as a "debt collector" under the FDCPA or, alternatively, that Defendant did not have a "permissible purpose" for obtaining Plaintiff's credit report under the FCRA, the undersigned Magistrate Judge set this case for a hearing on Plaintiff's instant IFP Application. (See Text Order dated Dec. 19, 2013.)[2] The Text Order setting the hearing expressly warned that "[f]ailure by Plaintiff to comply with this Order will result in the dismissal of this action without further notice to Plaintiff." (Id.) Although the Clerk's Office mailed a copy of said Text Order to Plaintiff (see Docket Entry dated Dec. 19, 2013), Plaintiff did not appear as directed (see Docket Entry dated Jan. 27, 2014).

---

[2] The Court also set for a hearing the same day a second, nearly identical case Plaintiff filed against a different Defendant. See Nowlin v. Capital One, No. 1:13CV1108, Text Order dated Dec. 19, 2013. Plaintiff similarly failed to appear for that hearing. See id., Docket Entry dated Jan. 27, 2014.

Under these circumstances, the Court should dismiss this case under Section 1915(e)(2) for failure to state a claim. See, e.g., Iqbal, 556 U.S. at 678 (mandating that plaintiffs provide "factual matter" to support claims and ruling "legal conclusions" and "conclusory statements" insufficient). The Complaint purports to assert two claims under the FCRA based on Defendant's alleged obtaining of Plaintiff's credit report without a permissible purpose. (See Docket Entry 2 at 3.) The Complaint lacks any indication that Plaintiff ever contacted Defendant directly to ask why Defendant obtained Plaintiff's credit report. (See id. at 1-8.) Moreover, Plaintiff's IFP Application acknowledges several service accounts (see Docket Entry 1 at 3), as to which collection or other activity could occur so as to give rise to permissible grounds to obtain his credit report, see 15 U.S.C. § 1681b (a)(3)(A), (C), (E), and (F). Further, the Complaint contains only a bald assertion that Defendant acted wilfully and that Plaintiff suffered actual damages. (See Docket Entry 2 at 3.) In several separate, recent cases, this Court, under similar circumstances, dismissed for failure to state a claim complaints featuring such FCRA claims. See, e.g., Golden v. NCO Fin. Sys., No. 1:12CV1097, 2013 WL 4519774 (M.D.N.C. Aug. 26, 2013) (unpublished), recommendation adopted, slip op. (M.D.N.C. Sept. 13, 2013) (Schroeder, J.); James v. Paragon Revenue Grp., No. 1:12CV1371, 2013 WL 3243553 (M.D.N.C. June 26, 2013) (unpublished),

recommendation adopted, slip op. (M.D.N.C. July 23, 2013) (Schroeder, J.); King v. Equable, No. 1:12CV443, 2013 WL 2474377 (M.D.N.C. June 10, 2013) (unpublished) (Eagles, J.). The same result should occur here.

The other causes of action in the Complaint suffer from even greater deficiencies. For example, although Plaintiff purports to assert a claim for violation of the FDCPA (see Docket Entry 2 at 4-5), the lone non-conclusory factual allegation against Defendant in the Complaint, i.e., that Defendant obtained Plaintiff's credit report (see id. at 2), does not even relate to, much less sufficiently support, a finding that Defendant violated any of the cited FDCPA provisions (such as "falsely representing the character, amount, or legal status of any debt," "communicating or threatening to communicate to any person credit information which is known or which should be known to be false," "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," "failure to disclose in the initial written communication . . . that the debt collector is attempting to collect a debt," "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law," and failing to send timely written notice of rights to dispute the debt (id. at 5)). The Court therefore should likewise dismiss Plaintiff's FDCPA claim. See, e.g., Horton v. HSBC Bank, No. 1:11CV3210TWT, 2013 WL

2452273, at *8 (N.D. Ga. June 5, 2013) (unpublished) ("Reciting the statutory definition without offering any facts in support is insufficient to plausibly allege that Defendants qualify as debt collectors under the FDCPA. On this basis alone, Plaintiff's FDCPA claim should be dismissed."); Garcia v. Jenkins/Babb LLP, No. 3:11-CV-3171-N-BH, 2012 WL 3847362, at *7 (N.D. Tex. July 31, 2012) (unpublished) ("Plaintiffs' description of the Jenkins/Babb Defendants as 'debt collectors' is a legal conclusion which courts are not bound to accept as true. . . . The factual allegations in the amended complaint are insufficient to establish that any of the Jenkins/Babb Defendants were either engaged 'in any business the principal purpose of which is the collection of any debts' or that they 'regularly collect or attempt to collect debts.' This failure is fatal to the claim against them under Iqbal." (internal ellipses omitted)).[3]

Additionally, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation

---

[3] Nor would any allegations in the Complaint sustain any of the purported state-law claims. See generally Snipes v. Alamance Cnty. Clerk of Cts., No. 1:11CV1137, 2013 WL 4833021, at *5 (M.D.N.C. Sept. 10, 2013) (unpublished) (discussing requirements of same state-law claims), recommendation adopted, slip op. (M.D.N.C. Sept. 30, 2013). Indeed, those state-law claims appear to focus on unspecified reporting of information about Plaintiff (see Docket Entry 2 at 5-7), but the Complaint lacks any non-conclusory allegations of any such conduct by Defendant. Moreover, by failing to appear as directed, Plaintiff waived any right to seek leave to amend the Complaint to add factual matter to support any of his purported claims.

before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). In this case, Plaintiff disobeyed the Court's directive to appear for a hearing under circumstances warranting dismissal pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action under Federal Rule of Civil Procedure 41(b), a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff (or whoever filed this action in his name) bears sole responsibility for the instant non-compliance, the conduct at issue prejudiced Defendant by delaying the litigation unduly (and thus depriving Defendant of the opportunity to defend against this lawsuit while memories remain freshest and before the risk of loss of pertinent documents grows), the record reflects a pattern of unfounded litigation by Plaintiff (including the filing of a legally insufficient complaint in this case and at least three others, see Nowlin v. First Bank & Trust,

No. 1:12cv1207 (M.D.N.C. July 22, 2013) (unpublished) (adopting recommendation of dismissal for failure to state a claim); Nowlin v. Avis Budget Grp., No. 1:11CV511 (M.D.N.C. Jan. 24, 2012) (unpublished) (same); Nowlin v. American Home Mtg Svc, No. 1:11CV20 (M.D.N.C. Aug. 29, 2011) (unpublished) (same)), and no other sanction appears feasible or sufficient.

As to that last point, the Text Order specifically warned Plaintiff that his failure to appear at the hearing would result in dismissal of this case. "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

             /s/ L. Patrick Auld
               **L. Patrick Auld**
            **United States Magistrate Judge**
February 27, 2014